## Commonwealth *v.* Mussare et al., Appellants.

*Criminal law—Murder—New trial—After-discovered evidence—Corroboration—Evidence—Discretion of court.*

The lower court in a murder case does not abuse its discretion in refusing a new trial, where the after-discovered evidence, offered in support of the application, is merely cumulative and corroborative of the testimony produced at the trial, and was available at that time.

Argued April 28, 1924. Appeal, Nos. 281 and 283, Jan. T., 1924, by defendants, individually, from judgment of O. & T. McKean Co., June T., 1923, No. 1, on verdict of guilty of murder of the second degree, in case of Commonwealth v. Fred Mussare and Tony Mussare. Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Indictment for murder. Before BOUTON, P. J.

The opinion of the Supreme Court states the facts.

Verdicts of guilty of murder of the second degree on which sentence was passed.

Defendants, Fred Mussare and Tony Mussare, appealed.

*Errors assigned* were refusal of new trial, not quoting record or decree, but referring by pages in the record to

the motion, rule granted, reasons for new trial, testimony of witnesses mentioned, opinion and order of court and exceptions.

*Charles J. Margiotti,* with him *Peter P. Jurchak, Melvin & Melvin* and *D. J. Driscoll,* for appellants.

*E. G. Potter,* District Attorney, with him *Wilson & Fitzgibbon,* for appellee.

OPINION BY MR. JUSTICE FRAZER, May 27, 1924:

Defendants, while standing on Main Steet in the City of Bradford, McKean County, talking with Joe Murphy and John Catoni, were seen by a number of witnesses to draw revolvers from their pockets and begin firing at their companions. Both of the latter were wounded and took refuge in the store of Meyer Brauser, where they remained a short time and were later removed to a hospital to receive surgical attention. Murphy subsequently died of his injuries and defendants were arrested, tried and convicted of murder of the second degree. A motion for a new trial based on after-discovered evidence followed in each case. The motions were refused and defendants appealed. Both appeals raise the same question, viz, whether the court below abused its discretion in refusing new trials, were argued together and will be disposed of in one opinion.

The after-discovered evidence related mainly to the disposition of the firearms deceased and his companions had in their possession at the time of the shooting. Brauser first testified that when Murphy and Catoni came into his store he noticed they were injured but saw no evidence of their being armed. He was subsequently recalled and upon further examination testified both men were armed and before leaving the store dropped their revolvers on the floor and warned the witness they would kill him if he informed anyone of their having had firearms in their possession. A county detective, called as a

witness for the Commonwealth, testified to statements made by one of defendants after his arrest, to the effect that, a few days before the shooting, deceased and his companion held up defendants and robbed them and demanded that they pay to deceased the sum of $10 a week during the time they remained and worked in Bradford and that on the day deceased was shot he and his companion had followed defendants and the latter, observing the men were armed and believing they were about to use their revolvers, shot both to protect themselves, as they thought.

The foregoing testimony gave defendants every advantage to be derived from their contention of having acted in self-defense and having reasonable cause to believe their lives were in danger at the time they fired the fatal shots.  The testimony offered in the deposition taken in support of the motions for new trials is merely corroborative of the foregoing evidence given by the Commonwealth's witnesses to the effect that both deceased and his companions were armed with revolvers which they left in Brauser's store after warning him not to mention to any person that they were in the store and had firearms in their possession.  It was cumulative of evidence already received, and as to which there was substantially no dispute, except in immaterial details. In addition to the above, two witnesses, whose depositions were taken in support of the motions for new trials, were available at the time of the trial and counsel for defendants stated in the presence of the court that they should be called by the Commonwealth.

It thus appears, as stated by the court below in the opinion refusing the motions, that the testimony offered in their support was merely cumulative and corroborative of the testimony produced at the trial, consequently, the court did not abuse its discretion in refusing to grant new trials.

The judgment in each case is affirmed.