337 A.2d 595
**COMMONWEALTH of Pennsylvania**
**v.**
**Robert TAYLOR, Appellant.**

Supreme Court of Pennsylvania.
Argued Dec. 2, 1974.
Decided May 13, 1975.

Michael J. Stack, Jr., E. D. McDevitt, Philadelphia, for appellant.

F. Emmett Fitzpatrick, Jr., Dist. Atty., Richard A. Sprague, 1st Asst. Dist. Atty., Steven H. Goldblatt, Asst. Dist. Atty., Chief, Appeals Div., John H. Isom, Asst. Dist. Atty., Abraham J. Gafni, Deputy Dist. Atty. For Law, James Garrett, Philadelphia, for appellee.

## OPINION OF THE COURT

Before JONES, C. J., and EAGEN, O'BRIEN, POMEROY, NIX and MANDERINO, JJ.

EAGEN, Justice.

Appellant, Robert Taylor, was convicted in a nonjury trial of two charges of voluntary manslaughter [1] and sentenced to two concurrent terms of six to twelve years imprisonment. After the denial of post trial motions, Taylor filed this appeal alleging several trial errors. None of these claims has merit, and we will thus affirm the judgments of sentence.

Initially, Taylor contends that the evidence was insufficient to sustain the convictions, because it was established as a matter of law that the killings were in self-defense. We cannot agree.

It is well-settled that on appeal from a criminal conviction the test for evaluating the sufficiency of the evidence is whether, accepting as true all of the evidence and all reasonable inferences arising therefrom, upon which the trier of fact could properly reach its verdict, it is sufficient in law to prove beyond a reasonable doubt all the elements of the crime charged. *Commonwealth v. Lowe,* 460 Pa. 357, 333 A.2d 765 (1975); *Com-*

---

1. The appellant was also indicted for possession of a firearm after conviction of a crime of violence. This indictment, however, was nolle prossed.

*monwealth v. Wrona,* 442 Pa. 201, 275 A.2d 78 (1971). Applying this test to the instant case, the record is adequate to sustain the adjudications of guilt. From the evidence, the trier of fact could have found the following:

Taylor shot and killed Julian Anderson and Albert Pierce in the living room of an apartment located at 2457 North 29th Street, Philadelphia, at approximately 6:30 p. m. on January 26, 1972. The victims were attempting to negotiate a drug transaction with Taylor when, without warning, he shot Anderson with a gun he had concealed at his side. When Pierce lunged at him, he, too, was shot. Neither man was armed and both died of multiple bullet wounds. Pierce had been hit in the back, chest and arm, and Anderson in the chest and neck. Their bodies were carried outside the apartment house and left lying next to the steps of an adjacent building.

It is true that in his statement to the police, which was offered in evidence as part of the Commonwealth's case and in his testimony at trial, Taylor stated he shot Anderson and Pierce to prevent what he believed to be an attempted "stick-up", but the truth of this explanation was for the fact finder. The trial judge, as the trier of fact, saw fit to disbelieve this exculpatory explanation of the killings, and on this record we cannot say this was error. See *Commonwealth v. Harris,* 444 Pa. 515, 281 A.2d 879 (1971), and *Commonwealth v. Finnie,* 415 Pa. 166, 202 A.2d 85 (1964).

■ Taylor's next contention is that the trial judge reached his decision prior to the closing argument denying him the constitutional right to full representation by counsel. See *Commonwealth v. Gambrell,* 450 Pa. 290, 301 A.2d 596 (1973); *Commonwealth v. McNair,* 208 Pa.Super. 369, 222 A.2d 599 (1966). The facts, however, do not support Taylor's complaint. Initially, the trial judge reasonably surmised that both parties wished to forego argument. When apprised counsel wished to

argue, he listened and considered the positions of both parties before rendering a decision. As a result, Taylor was not prejudiced. Cf. *Commonwealth v. Owens*, 444 Pa. 521, 281 A.2d 861 (1971).

■■ The final contention is that the trial judge abused his discretion in refusing to grant a new trial in light of after-discovered evidence. However, "[I]n order to justify the grant of a new trial on the basis of after-discovered evidence, the evidence must have been discovered after the trial and must be such that it could not have been obtained at the trial by reasonable diligence, must not be cumulative or merely impeach credibility, and must be such as would likely compel a different result: [cites omitted]." *Commonwealth v. Schuck*, 401 Pa. 222, 229, 164 A.2d 13, 17 (1960). Instantly, Mark Rainey testified at the hearing on the motion that on the day of the killings, Pierce, in the presence of others, asked him where he could procure a gun because he was going to "knock off a boy". The trial judge refused to grant a new trial because he found the testimony to be incredible and merely cumulative. We find no abuse of discretion in this analysis and conclusion. Cf. *Commonwealth v. Swanson*, 432 Pa. 293, 248 A.2d 12 (1968); *Commonwealth v. Mussare*, 281 Pa. 1, 124 A. 742 (1924).

Judgments affirmed.

ROBERTS, J., did not participate in the consideration or decision of this case.