Commonwealth *v.* Loch, Appellant.

332

Submitted June 16, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Robert T. Burke,* for appellant.

*Peter F. Schenck,* Assistant District Attorney, *Stephen B. Harris,* First Assistant District Attorney, and *Kenneth G. Biehn,* District Attorney, for Commonwealth, appellee.

OPINION BY VAN DER VOORT, J., March 29, 1976:

Appeal is taken to this Court from Judgments of Sentence rendered following jury trial on five counts of criminality charged in each of six indictments. As the lower court points out in its opinion, appellant operated a

truck depot in close proximity to a railroad yard. In his employ were young heroin addicts, who, under cover of darkness, would steal into the railroad yard and break into the cars, removing contents which would be disposed of by appellant through the means at hand offered by his trucking business. This nefarious yet lucrative scheme came to an end when appellant was charged with burglary of railroad cars, larceny, receiving stolen property, accessory before the fact, and conspiracy.[1] Six criminal complaints were drawn, each containing all charges, the only difference being that the subject matter and dates of the crimes varied. Indictments followed. The lower court refused appellant's motion to sever the cases, and all six were tried before a jury on April 1-4, 1974. The jury found appellant guilty as charged. Following denial of post-trial motions, on May 30, 1974, appellant was sentenced on each of the counts of burglary of railroad cars, the sentences being imprisonment of not less than three nor more than ten years, to run concurrently. Sentences were suspended on the other charges. Appellant moved to correct an allegedly illegal sentence, and this relief was denied by Order of October 7, 1974.

Appellant now argues that it was error for the lower court to have denied his motion to sever. In so moving, appellant posited that each indictment referred to occasions on separate dates, that not all co-conspirators were involved in each occurrence and that their testimony will not be relevant to each and every indictment, and that the evidence would be too unwieldy and confusing to present to the jury with resultant prejudice to appellant. *Commonwealth v. Peterson*, 453 Pa. 187, 307 A.2d 264 (1973) controls. Therein our Supreme Court referred to and relied upon Federal Rule of Criminal Procedure 13, which allows two or more

---

1. Violations of the "Penal Code", Act of 1939, June 24, P.L. 872, 18 P.S. §§4903, 4807, 4817, 5105, and 4302 respectively.

indictments to be tried together if the offenses could have been joined in a single indictment. In answering this threshold question, our courts are to look at, *inter alia*, "the fact that these offenses were of similar character, closely related in time, place and manner of execution, and hence could have been properly joined in the first instance...." (*Peterson, supra,* 453 Pa. at 193, 307 A.2d at 267). The court, when a severance is moved, must also consider prejudice to the defendant from the joint trial. "As a general proposition it is well established that the grant or denial of severance is a matter of discretion with the trial judge, whose conclusion will be reversed only for manifest abuse of discretion or prejudice and clear injustice to the defendant." (*Peterson, supra,* 453 Pa. at 193, 307 A.2d at 267). We find neither abuse of discretion nor prejudice nor injustice to the appellant. It is clear that the scheme was the same, acted out by various hirelings of appellant on various days, but following the same design or modus operandi. A variety of goods were stolen, but in the same manner. The same subject matter being presented to the jury in relation to each indictment, we cannot believe that the jurors were confounded by the amount of testimony, to the prejudice of appellant. Of course the more testimony in a case lengthens the train of thought for jurors, but being confronted with six examples of a common scheme is not unduly obfuscatory to reasonable minds. Certain co-conspirators' testimony going only to certain aspects of the scheme as a whole, which could have been delineated in one indictment, is no more error than certain witnesses' testimony going only to pertinent parts of any case. See also *Commonwealth v. Patrick,* 416 Pa. 437, 206 A.2d 295 (1965) for the principle that inseparably interrelated indictments can be tried in one session of court.

Appellant challenges as prejudicial a phrase in the testimony of a Commonwealth witness, one Frank Meisner, to the effect that he saw Thomas Green,

appellant's employee, drive onto the premises with a U-Haul trailer filled with paper towels. Meisner's office was nearby appellant's, and upon occasion he worked for appellant. He stated that he had become involved with appellant, Green, and others in the burglary scheme in order to make money. In answering a Commonwealth's question as to the contents of a particular U-Haul trailer in Green's custody, Meisner alluded to a load of paper towels. Objection by defense was overruled. We find that this answer was by a competent witness testifying at the time to an activity of Green who was an accomplice of the appellant. The testimony was relevant to help establish Green's involvement with the appellant, however, were it to be deemed irrelevant and to be error for the court below not to have sustained the objection to it the error is so trifling as to be harmless. The testimony is voluminous as to what had been stolen, *viz:* 89 Goodyear truck tires, 11 portable color television sets, 117 Goodyear car tires, 115 cases of Quaker State motor oil, an additional 20 cases of motor oil, and 29 cases of Nescafe coffee. Meisner testified to being a part of the crime insofar as some of these are concerned. Other witnesses testified to their actions in the theft of these items. In the face of the abundant testimony by many witnesses and participants regarding the subjects of the indictments, one statement by one witness regarding another item in the possession of an accomplice not charged as stolen by appellant is not prejudicial, but when admitted is harmless error. There is no indication here that mention of the paper towels contributed to conviction, and "it is clear beyond a reasonable doubt that it did not affect the result." *Commonwealth v. Harding*, 225 Pa. Superior Ct. 84, 87, 310 A.2d 326, 328 (1973). See also *Commonwealth v. Harkins*, 459 Pa. 196, 328 A.2d 156 (1974).

On May 30, 1974, the lower court ordered that appellant pay costs of prosecution and that sentence be suspended in each indictment on all counts except

burglary of railroad cars, upon which convictions on each indictment, sentences of three to ten years' imprisonment, to run concurrently were imposed. The maximum allowable sentence under 18 P.S. §4903 is five years' imprisonment. As this was the crime of which appellant was convicted, the maximum sentence allowable for each conviction thereof is five years. Appellant must be resentenced, his sentence upon remand not to exceed ten years.

Remanded for resentencing. Judgments of present sentence shall be vacated at the time of imposition of new sentences.