Commonwealth *v.* Smith, Appellant.

214

Submitted December 15, 1975. Before WATKINS, P. J., JACOBS, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ. (HOFFMAN, absent).

*Michael D. Marino*, for appellant.

*Stewart J. Greenleaf* and *Bert M. Goodman*, Assistant District Attorneys, *William T. Nicholas*, First Assistant District Attorney, and *Milton O. Moss*, District Attorney, for Commonwealth, appellee.

OPINION BY WATKINS, P.J., April 22, 1976:

This is an appeal from the judgment of sentence of the Court of Common Pleas of Montgomery County, Criminal Division, by the defendant-appellant after conviction by a jury of theft by receiving stolen property, criminal conspiracy, possession of instruments of crime with intent, possession of weapon with intent, possession of offensive weapon, violation of the Uniform Firearms Act, escape, resisting arrest, false report to law enforcement authorities and unauthorized use of a motor vehicle; and from the denial of post trial motions.

The defendant was arrested on June 16, 1974 when police officers stopped a 1963 Ford van for a loud exhaust and improper muffler and saw in plain view inside the van an unlawful firearm. A search of the van revealed burglary tools, weapons, ammunition and stolen goods. After being taken to the police station the defendant escaped from his cell but was later apprehended by the police.

The defendant alleges several grounds in support of reversal. First, he contends that the court below erred when it refused defendant's point for charge to the jury that mere presence is not sufficient evidence to support a conviction for possession of firearms or receiving stolen goods. However, it is not error for a court to refuse to charge the jury on matters that it has already covered in its charge. *Commonwealth v. Jones*, 452 Pa. 569, 308 A.2d 598 (1973). A review of the court's charge to the jury reveals that the court below adequately charged the jury with regard to these crimes, explaining several times the elements which were necessary to be proven before a conviction could be returned against the defendant. Therefore this contention of the defendant is not a reason for reversal of his convictions.

The defendant also contends that the court below erred when it allowed defendant's prior criminal record to be introduced against him when he took the witness stand in his own defense. In the case of *Commonwealth v.*

*Bighum*, 452 Pa. 554, 307 A.2d 255 (1973), the court recognized that serious problems arise when a defendant's prior criminal record is used to impeach his testimony at trial since this may have a dampening effect on his right to testify in his own behalf. In *Bighum*, *supra*, the court established a balancing test to apply to such situations. The court below must balance the importance of the jury's hearing the defendant's story against the importance of its being informed of his prior convictions. Several other factors to be considered in weighing the question are the age and nature of the prior crime, the length of the criminal record, and the age and circumstances of the defendant. The ultimate question of whether to allow such evidence lies within the sound discretion of the trial judge after weighing these various factors.

In the instant case the record reveals that the evidence of the defendant's prior crimes included conviction of burglary, larceny, and receiving stolen property on June 7, 1973. Since these crimes are ones involving moral turpitude and do reflect dishonesty on the part of the defendant and since the defendant's conviction of such offenses took place a relatively short time prior to his trial on the instant charges, we hold that, taking into account the entire situation, the court below did not abuse its discretion in admitting evidence of the prior convictions for the purpose of impeaching the defendant's credibility. In its search for truth the jury was certainly entitled to consider the defendant's testimony in light of his prior criminal conduct. See, *Commonwealth v. Kahley*, Pa. , 356 A.2d 745 (1976).

The defendant's third contention is that the trial court erred when it sustained the Commonwealth's objection to an aspect of the defendant's cross-examination of Officer Januzelli, a Commonwealth witness. The defendant attempted to cross-examine Officer Januzelli as to allegedly false statements he had

made in an unrelated case. The court sustained an objection to this line of questioning on the grounds that the proper way to attack a witness's credibility is through witnesses called to the stand to testify as to his bad reputation for truth or veracity in the community. The case of *Commonwealth v. Hansell*, 185 Pa. Superior Ct. 443, 137 A.2d 816 (1958), clearly held that the proper manner by which to impeach a witness is through evidence indicating a bad reputation for truth and veracity in the neighborhood in which he resides and not through evidence of particular acts. In *Commonwealth v. Donnelly*, 233 Pa. Superior Ct. 396, 417, 336 A.2d 632 (1975), we held that "the scope of cross-examination is largely within the sound discretion of the trial judge, and even if a ruling is erroneous, the error is not grounds for reversal unless it results in apparent injury." In the instant case we hold that the trial court did not abuse its discretion in limiting the type of cross-examination directed at Officer Januzelli.

Finally, the defendant contends that the charges against him should have been discharged with prejudice since he was not tried until April 21, 1975 in violation of the "270-day rule" then in effect. *Pa. R. Crim. P. 1100* provides that defendants against whom a written complaint is filed after June 30, 1973 but before July 1, 1974 were to be tried no later than 270 days from the date the complaint was filed. The defendant was charged on June 16, 1974. Therefore the "270-day rule" applies to him. Since the defendant's trial did not commence until April 21, 1975, it is apparent that he was not tried within 270 days of his arrest. However, *Rule 1100(c)* provides for a procedure by which the Commonwealth may apply to the court for an extension of time in which to try the defendant. The court may extend the time, in its discretion, as long as the Commonwealth has exercised due diligence in its attempts to bring the defendant to trial.

On March 12, 1975, the 269th day after the original

complaint, the Commonwealth filed a petition to extend the time. On April 21, 1975, prior to the beginning of the trial, an on-the-record argument as to the petition to extend was held before the trial court. This hearing revealed that the case had been listed for trial on November 18, 1974, on December 14, 1974, on January 27, 1975 and on March 3, 1975. It was not reached on any of those occasions. The November 18, 1974 continuance was granted because the defense counsel was arguing before the Supreme Court. See *Pa. R. Crim. P. 1100*. On the other dates the case was not reached because they fell on days near the end of the criminal term of court and the court felt that since this case would require several days to try, the case could not be completed by the end of the criminal term. There was no showing that the District Attorney's Office was responsible for the delays.

The dissenting opinion in this case would hold that the courts and the court administrator as well as the district attorney's office be included within the term "Commonwealth" and that the district attorney's office be held responsible for any delays occasioned by "lack of due diligence" on the part of the courts. However, we feel that the courts are not the instruments of the district attorney's office nor the prosecution but are impartial tribunals established to mediate disputes between the "Commonwealth" and individuals. As such they are open to everyone but are not the agents of either the prosecution or the defense. Thus we feel that the prosecution or "Commonwealth" should not be prejudiced in its case when it has proceeded with due diligence in processing the case. Furthermore we find no abuse of discretion on the part of the trial court in granting the extension of time when the prosecutor has filed a timely request for such extension and the defendant has had an opportunity to argue his position in favor of dismissal pursuant to *Rule 1100*. This is especially so where the defendant's trial commenced within 39 days after the original 270-day period. The purpose of *Rule 1100* is to

prevent unconscionable delays in bringing a defendant to answer charges against him. Under the circumstances of this case we find that defendant's right to a speedy trial was amply protected. Therefore we refuse to dismiss the charges against the defendant pursuant to *Rule 1100.*

Judgment of sentence affirmed.

HOFFMAN, J., took no part in the consideration or decision of this case.

CONCURRING OPINION BY CERCONE, J.:

I concur in the result.

In the instant case the Commonwealth was prepared to proceed to trial on November 18, 1974, well within the period then allowed under the transitional, 270-day provision of Rule 1100. The trial had to be rescheduled, however, because defense counsel was unavailable.[1] Had defense counsel been present on that date, the case could have been tried, and appellant could not now complain that his Rule 1100 rights had not been observed. Therefore, there was an adequate basis for the court to determine that the case had not previously come to trial because of the absence of defense counsel, and not because the Commonwealth was not diligent. Certainly, it cannot be said that the court clearly abused its discretion in granting the petition for extension under the circumstances of this case, which is readily dis-

---

1. Rule 1100(d) provides that the period of time within which the accused must be brought to trial is automatically extended to comprehend periods of time when defense counsel is unavailable. Practically speaking, however, it must be noted that defense counsel's unavailability can cause a displacement of time much longer than the period during which he is unavailable. This is particularly true when counsel is unavailable on the day scheduled for a relatively complex trial. The Commonwealth must then attempt to reassemble its witnesses on a day mutually compatible (to the extent possible) to them and satisfactory to the calendar constraints of the court. In such circumstances, which are apparently present herein, the "due diligence" exception may be employed to accommodate these peculiar problems.

tinguishable on its facts from *Commonwealth v. Shelton*, 239 Pa. Superior Ct. 195 (1976).

I wish to make one further point. I do not read *Commonwealth v. Shelton*, supra, as standing for the proposition that delays occasioned by the administrative difficulties of the courts can never support a claim of due diligence under a Rule 1100 petition for an extension. To be sure, proof only that the court's dockets are over-crowded will not constitute due diligence, since Rule 1100 contemplates that the accused should not suffer from general inadequacies in the criminal justice system. From time to time, however, an administrative quirk may arise and frustrate the Commonwealth's attempt to begin trial within the period allowed under the Rule. Upon proof of such a peculiar circumstance by the district attorney, the hearing court in its discretion may well determine that due diligence was shown and grant a modest extension. For us to hold otherwise would, for many intents and purposes, read the "due diligence" exception out of Rule 1100.

DISSENTING OPINION BY PRICE, J.:

Although I find no substantive error in appellant's trial, I must dissent, for, to my view, the Commonwealth has failed to bring this man to trial in the required 270 days and has failed to excuse the delay by a showing of due diligence by the Commonwealth.

The complaint was filed against appellant on June 16, 1974, bringing into play Pa.R.Crim.P. 1100(a)(1) which mandates that trial *shall commence* no later than 270 days from the date on which the complaint was filed. This, then, required the appellant's trial to commence no later than March 13, 1975. Since it actually commenced on April 21, 1975, there can be, and is, no dispute that the Commonwealth failed to meet the mandate of Rule 1100.

However, 1100(c) provides that at any time prior to the expiration of the period for commencement of trial,

the attorney for the Commonwealth may apply to the court for an order extending the time for commencement of trial. Both parties to this appeal agree that on March 12, 1975,[1] at approximately 5 P.M., such application was made on behalf of the Commonwealth to Judge SMILLIE and that appellant's attorney was present, even though he had been served with a copy of the application just minutes prior to this presentation. What was said at that presentation in chambers is not of record, nor is it agreed upon. It is agreed that Judge SMILLIE at that time signed an order granting the extension of time. None of the events of March 12, 1975, are preserved for us on the record, including the order itself and the petition or application. Further, the Docket Entries reveal no filing of either the application or order.

It seems obvious from this state of the record that it is impossible to determine whether any of the requirements of Rule 1100(c) were complied with, absent the points of agreement contained in the briefs filed with this court. And, even accepting these few points, it becomes apparent that the order was granted without an opportunity to notify appellant and without an opportunity for the appellant to be heard, a right quite clearly granted by Rule 1100.

On April 15, 1975, this appellant filed an application for an order dismissing charges with prejudice on the grounds that Rule 1100 had been violated, as provided for in Section (f).

On April 21, 1975, when the matter came on for trial before Judge SCIRICA, this Rule 1100 dispute and the pending application for dismissal of charges was argued, for the first time on the record, and the following order was entered:

"And now, this 21st day of April, 1975, after argument, the order dated March 12, 1975 by Judge Smillie is *confirmed*, and defendant's motion to apply

---

1. The 269th day of the 270 day period.

Rule 1100 is denied by the Court." (Emphasis added) The taking of testimony in the trial then commenced on April 22, 1975.

We thus do not know, nor will we ever know, the reasons underlying Judge SMILLIE'S order of March 12, 1975. And for that reason alone I believe it clear that the extension of time granted was improper and cannot be sustained.

However, I would not rest upon that error alone. The Rule 1100 matter was further preserved for consideration on this appeal by its inclusion in post-trial motions filed by appellant, and Judge SCIRICA dealt with it as one of the seven points assigned by appellant as error. The opinion of Judge SCIRICA disposes of the Rule 1100 argument as follows:

"Defendant was arrested on June 16, 1974, and falls under the provisions of subparagraph (a)(1) of the Pa. Rule of Criminal Procedure 1100 requiring that trial commence no later than 270 days after the filing of a complaint. On March 12, 1975, the 269th day, the Commonwealth filed a petition to extend the time for commencing trial which was signed by the Honorable Frederick B. Smillie. Defendant alleged that this constituted error as he was not given his right to a hearing under subparagraph (c) of the rule.

"After defendant's arrest, a preliminary hearing was scheduled for June 21, 1974 and was continued to June 28, 1974, at the request of the co-defendants. Defendant was indicted on August 27, 1974, and the case was certified to the Court Adminstrator's Office as ready for trial on August 29, 1974. The case was first listed on November 18, 1974, and a continuance at the request of the co-defendants was granted on November 18, 1974 until December 4, 1974. The case was listed at each subsequent term of court, December 4, 1974, January 27, 1975, and March 3, 1975, but not reached on any of those dates. A

suppression motion was heard, and denied on January 31, 1975, before the Honorable David E. Groshens, but the case was not heard as it was the end of the criminal week and the jury could not be held over. The case was again called on March 12, 1975, and a similar situation occurred; it was the end of the criminal week and the jury could not be held over. Realizing that the time for trial was running out, the Assistant District Attorney filed a petition for an extension of time at 5:00 P.M. on March 12, 1975, which was signed by Judge Smillie with the understanding that argument thereon would be held at a later time. Counsel for the defendant and co-defendants were given copies of the petition.

"Argument on the petition was held before the undersigned trial Judge prior to trial on April 21, 1975, and the order was confirmed. The defendant was served with a copy of the petition and was given an opportunity to argue for dismissal so no violation of subparagraph (c) occurred as alleged by the defendant. Nor was the defendant prejudiced by any delay in the hearing as numerous detainers were lodged against him."

It seems to me that this is not a finding that complies with Rule 1100, for it is clear that time may not be extended unless the trial cannot be commenced within the prescribed period despite due diligence by the Commonwealth.

It is on this point that I take the clearest departure from the majority's viewpoint. Perhaps the Commonwealth's position is best condensed by this portion of the Commonwealth's brief:

"The Commonwealth contends that it in no way caused any of the delay, and that it acted with due diligence as construed under Rule 1100(c). The Commonwealth contends that after the indictments were certified to the Court Administrator's Office as being ready for immediate trial listing the 270 days

had not expired and that the Commonwealth had exercised due diligence in all respects and that any delay must be laid upon the doorstep of the Court Administrator's Office for which the Commonwealth is not responsible under the mandates of Rule 1100. The Commonwealth cannot control the Court system in regard to the listing of cases on the Court calendar. If a trial Judge refuses to hear the case within the mandated period due to the length of time it would take to hear this case it is not the fault of the Commonwealth. All the District Attorney's Office is mandated to do under Rule 1100 is to be ready to try the case within the mandated period; if this cannot be done due to the fault of the Court system or of any trial Judge, the District Attorney's Office is within its rights under Rule 1100 (c) to petition the Court for a time extension.

The purpose of Rule 1100 was to end the Court backlog through its mandate for speedy trials. The drafters of the rule recognize that the imposition of a time limit on criminal cases cannot be accomplished by mere legislation on the matter, but rather there must be a coordinated effort over a long period of time, eventually resulting in the desired goal. To this effect the comments to Rule 1100 state the following:

Comment

This rule was devised pursuant to the opinion in Com. v. Hamilton, 449 Pa. 297, 297 A.2d 127 (1972). The Rule is to be prospective only. Furthermore, although the ultimate goal is to require all cases to be tried within 180 days from the filing of a complaint, it is recognized that such a goal cannot be achieved immediately in all counties. The backlog of cases in some urban counties and the present lack of sufficient court terms in some less populous judicial districts would present the immediate achievement of the goal. Therefore, for cases initiated within the first year, the goal of prompt trial is set at 270 days;

thereafter, all counties will be expected to comply with the 180-day limit.

It can be seen that the drafters when writing this comment recognized that it would be impossible to have this backlog cleared overnight and it would take years to get to the state of affairs where all trials must commence within 180 days after the filing of the criminal complaint. Because of this recognition on the part of the drafters of Rule 1100, Rule 1100(c) was specifically placed in the body of the rule in order to allow time extensions where the trial Judge deemed that the Commonwealth had exercised due diligence and that an extension of time was still needed.

It is averred that the Commonwealth in this case has not circumvented Rule 1100 in any way and that the Court acted properly in recognizing that the District Attorney's Office is not responsible for the delay in this case. It is submitted that the order of the Court, granting an extension of time for commencement of trial was not an abuse of discretion by the Court and in no way violated any of the defendant's alleged constitutional rights to a speedy trial and the equal protection of the laws.

The Commonwealth contends that the facts of this case clearly established that the Commonwealth has acted with due diligence in all respects and that the Court pursuant to its discretion under Rule 1100(c), recognized and properly granted Commonwealth's petition for an extension of time for commencing trial, after the defendant had been given a full opportunity to argue his case. Therefore, the Commonwealth respectfully requests that the Honorable Court dismiss this contention of the appellant."

Much has been written and said by judges and commentators since the adoption of Rule 1100 on June 8, 1973, by the Supreme Court. It serves no purpose to

further fuel this debate other than to recognize again the burden placed upon many of the trial courts of this Commonwealth, particularly in the more populous areas. The Rule is adopted, we are bound by it and it is, to my view, plainly written and clear in intent. Unless the Commonwealth by proper and timely petition and upon a showing of due diligence secures an extension of time, an accused must be tried now within 180 days, and this appellant was entitled to the commencement of his trial within 270 days.

In the context of this Rule it stretches my ability to split the Court System, the Court Administrator, the Trial Judge and the District Attorney into neat little compartments and then hold that only the District Attorney is the "Commonwealth" within the meaning of the Rule. To do so would destroy the clear purpose and intent of Rule 1100. To do so would invite frustration of Rule 1100. To do so would deny defendant the right to the speedy trial as divined by the Pennsylvania Supreme Court. This we should not do, however sympathetic we are to the already heavy and often times unrealistic demands placed upon our court system.

It is therefore my reluctant conclusion that, in accordance with Pa.R.Crim.P. 1100, the judgment of sentence imposed upon appellant should be reversed and in accordance with Pa.R.Crim.P. 1100(f) the charges against appellant should be dismissed with prejudice and the appellant discharged.

SPAETH, J., joins in this dissenting opinion.