375 A.2d 151

**COMMONWEALTH of Pennsylvania**

v.

**Jerome LOVE, Appellant.**

Superior Court of Pennsylvania.

Submitted June 22, 1976.

Decided June 29, 1977.

388

Paul Leo McSorley, Philadelphia, for appellant.

Steven H. Goldblatt, Assistant District Attorney, Philadelphia, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

VAN der VOORT, Judge:

The appellant, Jerome Love, files the instant direct appeal following his conviction and sentencing, after trial before a jury, on a charge of criminal conspiracy. The record shows that the appellant was indicted on several charges by the grand jury arising out of a shooting incident in Philadelphia which resulted in the death of a man. The only two charges which the jury considered were murder and criminal conspiracy. Three contentions of error are raised on this appeal.

 Love initially argues that the lower court erred in not granting a defense motion for directed verdict or a demurrer on the criminal conspiracy charge, in essence, a challenge to the sufficiency of the evidence. In reviewing such challenges, all of the trial evidence must be read in the light most favorable to the Commonwealth. *Commonwealth v. Tabb*, 417 Pa. 13, 207 A.2d 884 (1960). The test of sufficiency of the evidence—without respect to whether it was direct or circumstantial—is whether accepting as true all the evidence upon which, if believed, the jury could properly have based its verdict, it is sufficient in law to prove beyond a reasonable doubt that the defendant is guilty of the crime charged. *Commonwealth v. Kravitz*, 400 Pa. 198, 161 A.2d 861 (1965). We hold that there was clearly sufficient evidence in the instant case to prove the crime of criminal conspiracy.[1]

The record shows that the Commonwealth presented testimony from two eyewitnesses as well as a pre-trial inculpatory statement made by appellant to the police. Quite simply, the appellant's statement reveals that he was part of a gang of youths that plotted to ambush youths from a rival gang as the latter passed through the neighborhood of the former. Appellant and his cohorts were aware of and joined in these plans which included one of the planners getting a gun for the ambush. The scenario developed exactly as appellant and his friends had planned and a rival gang member was

---

1. The statute governing criminal conspiracy (18 Pa.C.S. § 903) provides, in pertinent part:

(a) Definition of conspiracy.—A person is guilty of conspiracy with another person or persons to commit a crime if with the intent of promoting or facilitating its commission he:

(1) agrees with such other person or persons that they or one or more of them will engage in conduct which constitutes such crime or an attempt or solicitation to commit such crime; or

(2) agrees to aid such other person or persons in the planning or commission of such crime or of an attempt or solicitation to commit such crime.

. . . .

(e) Overt act.—No person may be convicted of conspiracy to commit a crime unless an overt act in pursuance of such conspiracy is alleged and proved to have been done by him or by a person with whom he conspired.

fatally shot. Appellant admitted shouting encouragement to his armed companion to continue shooting. In addition, a witness testified he saw the *appellant* pointing a gun at him immediately after the deceased victim was shot. Based on this record, appellant's claim of a lack of sufficient evidence is totally devoid of merit; the conspiracy charge was clearly proven.

■ Second, Love maintains that the jury verdict finding him guilty of criminal conspiracy, but not guilty of murder, was "inconsistent", thus allegedly illegal. The appellant is not entitled to relief. We have already determined that the evidence was clearly sufficient, and so long as that factor is present, an "inconsistent" verdict is certainly not a ground for granting a new trial. *Commonwealth v. Dolny*, 235 Pa.Super. 241, 342 A.2d 399 (1975); *Commonwealth v. Jackson*, 230 Pa.Super. 386, 326 A.2d 623 (1974).

■ Last, it is argued that the trial court erred in ruling he would permit the Commonwealth to introduce the fact of appellant's prior conviction, in rebuttal, if the appellant testified on his own behalf. The prior conviction in question, which the Commonwealth would have been permitted to introduce, occurred in June, 1974, on charges of robbery and criminal conspiracy. The appellant claims that the ruling of the court compelled him to decline to take the stand in his own defense. We cannot hold that the learned trial judge's ruling was erroneous or that it unconstitutionally denied appellant due process.

■ It is clear that the Commonwealth, in certain circumstances, can introduce rebuttal evidence of prior convictions in the nature of crimen falsi to attack the credibility of a criminal defendant who has elected to testify in his own defense. *Commonwealth v. Butler*, 405 Pa. 36, 173 A.2d 468 (1961). A lead case, providing guidance and standards in such situations is *Commonwealth v. Bighum*, 452 Pa. 554, 307 A.2d 255 (1973) which dictates that the trial court must consider:

1. Whether the prior convictions proposed to be introduced were for crimes involving dishonesty or false statement.

2. The age and nature of the prior crimes.

3. The age and circumstances of the defendant.

4. The length of the criminal record.

5. The extent to which it is more important for the jury to hear the defendant's testimony than to learn of the prior conviction. ˙

In the instant case, the trial court reviewed all of these matters on the record at a conference in chambers during the trial, and further, set forth in his opinion that all such factors were considered prior to the ruling. We can determine no abuse of discretion or other reversible error in the decision reached.

Affirmed.

SPAETH, J., concurs in the result only.