394 A.2d 1022

COMMONWEALTH of Pennsylvania

v.

Richard VICKERS, a/k/a Richard Tursi, Appellant.

Superior Court of Pennsylvania.

Submitted June 27, 1978.

Decided Nov. 22, 1978.

Van Weiss and George B. Ditter, Assistant Public Defenders, Norristown, for appellant.

Ross Weiss, First Assistant District Attorney, Elkins Park, and William T. Nicholas, District Attorney, Norristown, for Commonwealth, appellee.

Before JACOBS, President Judge, and HOFFMAN, CERCONE, PRICE, VAN der VOORT, SPAETH and HESTER, JJ.

CERCONE, Judge:

This is an appeal from appellant's conviction for violation of the Controlled Substance, Drug, Device & Cosmetic Act and for criminal conspiracy. Appellant raises numerous issues; however, for the reasons set forth below, we affirm appellant's conviction.

The Commonwealth alleged that on June 4, 1976 at 4:40 P.M., appellant sold two cigar boxes containing drugs, including nalorphine, to Joseph Amato, an undercover agent of the Bureau of Drug Control of the Pennsylvania Department of Justice. It was said that this transaction took place in the kitchen of appellant's apartment in Norristown, Pennsylvania. Also present was appellant's accomplice, John McManus (a/k/a John North). In another room was Daniel Josephs, an informant.

At appellant's trial, Agent Amato testified that the informant Daniel Josephs told Agent Amato that appellant was involved in selling drugs. Agent Amato later was introduced to appellant on May 27, 1976, who told Amato that he had access to certain drugs. Arrangements were later made for Amato to buy some drugs and, on June 4, 1977, Agent Amato and Josephs met with appellant and John McManus at appellant's apartment to complete the deal.

Appellant and Agent Amato went to the kitchen to discuss which drugs were to be sold. Appellant then went into the next room to get the two boxes of drugs. When appellant returned to the kitchen, McManus was with him. The drugs were sold to Agent Amato for $150.00. Since Agent Amato only had $125.00 on him, he asked appellant if it would be all right to pay the remaining $25.00 later. Appellant agreed.

According to Agent Amato, appellant said that he would be getting some desoxyn (an amphetamine) later that day. Agent Amato told appellant that he would also like to buy some desoxyn and the two men agreed to meet later in the evening. Agent Amato testified that he did meet with appellant at Agent Amato's "undercover apartment" in Whitpain Township, where appellant gave Agent Amato a medicine bottle containing twenty-five desoxyn tablets in exchange for $67.00.

Appellant gave a different account of these transactions. Appellant said that he met Daniel Josephs in the early part of 1976. At that time appellant was on the methadone program and had been for about eight months trying to cure his heroin habit. After appellant and Josephs had known each other for a while, Josephs allegedly convinced appellant to start using a different drug called methadrine on which appellant also became addicted. Appellant testified that he and Josephs shared an apartment for a few weeks in March or April of 1976 where they found the two boxes of drugs under the sofa after their other roommate, an unnamed individual, moved; that he and Josephs both sampled the drugs when they first discovered them and found that the drugs were not very potent; that Josephs then took the drugs with him when he moved to a different apartment; that Josephs promised to sell appellant methadrine if appellant would in turn sell some drugs to Josephs' friend, who turned out to be undercover Agent Amato. Appellant agreed and Josephs allegedly brought the two cigar boxes of drugs over to appellant's apartment. It was these drugs that appellant sold to Agent Amato. As for the second sale, appellant contends that such a transaction never occurred.

Appellant does not deny that he sold the two boxes of drugs to Agent Amato but asserts entrapment as his defense. Where an accused claims entrapment and the testimony at trial is conflicting, the general rule is that this becomes a question for the factfinder to determine. *Commonwealth v. Clawson*, 250 Pa.Super. 422, 378 A.2d 1008 (1977); *Commonwealth v. Cameron*, 247 Pa.Super. 435, 372

A.2d 904 (1977). In the instant case, as the above summation of testimony indicates, the evidence was conflicting. Therefore, the issue of entrapment was properly given to the jury, which credited Agent Amato's testimony and apparently disbelieved appellant's version of the events. For this reason we accordingly affirm the lower court's decision on this point.

■ Appellant argues that the lower court erred in refusing his motion for a new trial on the grounds of after-discovered evidence. This argument is without merit. A new trial may be granted on the basis of after-discovered evidence where the evidence was not available at trial through the exercise of reasonable diligence and where the evidence is not merely cumulative or primarily directed at impeaching the credibility of a witness and where such evidence would likely compel a different result. *Commonwealth v. Miller*, 465 Pa. 458, 350 A.2d 855 (1976); *Commonwealth v. Tervalon*, 463 Pa. 581, 345 A.2d 671 (1975); *Commonwealth v. Taylor*, 461 Pa. 659, 337 A.2d 595 (1975); *Commonwealth v. Shealey*, 234 Pa.Super. 516, 340 A.2d 471 (1975). In the instant case appellant says that he has evidence that Josephs had planted drugs on other people in the past and that, allegedly, Josephs had received drugs from state officials. These serious allegations, if true, could be used to undermine Josephs' credibility. However, newly discovered evidence that would merely impeach credibility is not reason enough to award a new trial. In appellant's case, the principal witness testifying against appellant was not Josephs but Agent Amato. Appellant does not deny that he knowingly sold two boxes of drugs to Agent Amato on June 4, 1976 therefore appellant cannot claim that these drugs were "planted" on him by Josephs. Furthermore, though appellant denies selling desoxyn tablets to Agent Amato, he did not claim at trial that the desoxyn pills were planted on him. In fact, it was not even alleged that Josephs was present during the sale of desoxyn. Since the new evidence which appellant seeks to introduce goes to impeaching the credibility of Josephs and not to the validity of appellant's conviction, a new trial on this basis is not warranted.

■ Appellant raises trial error in the court's refusal to grant his point for charge in which he said that police and informers have an interest in obtaining a conviction and this interest should be taken into account in determining their credibility. This Court has said that where the trial court's basic charge properly covers a requested point, it is not error for the trial judge to refuse to give submitted instructions. *Commonwealth v. Gardner*, 246 Pa.Super. 582, 371 A.2d 986 (1977); *Commonwealth v. Smith*, 240 Pa.Super. 212, 361 A.2d 862 (1976). Appellant had asked the trial judge to specifically charge the jury that police officers and informants have an interest in the outcome of a case. We find that the lower court properly refused this instruction. The court gave a general instruction in which it was noted that any of the witnesses may have an interest in the verdict. The jury was further told to consider "whether any witness testified out of bias, prejudice, or sympathy, or pity." Since the court's general instruction covered appellant's point, it was not error to refuse appellant's requested instruction.

According to appellant the lower court erred in not granting appellant's motion to sever the trial concerning the sale of nalorphine from the trial on the charge of selling desoxyn. Appellant claims that he was prejudiced by the consolidation of these charges into one trial since appellant had different defenses to each charge. Appellant admits that he sold nalorphine to Agent Amato but appellant relies on the defense of entrapment, but completely denies that he ever sold desoxyn to Agent Amato. It is appellant's contention that the testimony which was elicited concerning the sale of nalorphine prejudiced the jurors against appellant when they were considering the evidence on the charge of selling desoxyn.

■ Consolidation or separation of indictments is a matter within the sound discretion of the trial judge, whose decision will be reversed only for a clear abuse of discretion or in cases of clear prejudice and injustice to an accused. *Commonwealth v. Lasch*, 464 Pa. 573, 347 A.2d 690 (1975); *Commonwealth v. Loch*, 239 Pa.Super. 331, 361 A.2d 758

(1976); *Commonwealth v. Wheeler*, 200 Pa.Super. 284, 189 A.2d 291 (1963). We have restated the test for a proper consolidation in *Commonwealth v. Jones*, 242 Pa.Super. 303, 363 A.2d 1281 (1976). In that case, we indicated that consolidation will not be considered an abuse of discretion if the facts and elements of the charged offenses would be easily separable in the minds of a jury and if the fact of the commission of each crime would be admissible as evidence in a separate trial for the other. *Commonwealth v. Jones*, 242 Pa.Super. at 307, 363 A.2d 1281, at 1282–1283. See also *Commonwealth v. Lasch*, supra.

The facts and argument before this court in *Commonwealth v. Jones*, supra, was almost identical to that in the instant case. We now quote from our opinion in that case.

"[T]he two crimes charged were identical in all respects except for the time of delivery, the second sale occurring two hours after the first sale. . . . There is no reason to believe that the jury could not separate the two crimes. Furthermore, appellant's testimony created a ready means of demarcation: the defense to the first crime was alibi, while the defense to the second crime was entrapment. Thus, the first of the conditions for consolidation has been satisfied. Cf. *Commonwealth v. Loch*, [239 Pa.Super. 331, 361 A.2d 758] (1976)." *Commonwealth v. Jones*, 242 Pa.Super. at 308, 363 A.2d at 1283.

This rationale applies with equal force in appellant's case.

Additionally, the evidence of each offense would have been admissible at the separate trial for the other. The facts of both transactions intertwine. At the time of the first sale, appellant offered to sell Agent Amato more drugs. This fact tends to negate appellant's entrapment defense. *Commonwealth v. Jones*, supra, 242 Pa.Super. at 309, 363 A.2d 1281. Furthermore, appellant's defense to the second charge was that appellant only went to Agent Amato's apartment to collect what was due from the first sale, and not to sell desoxyn. Necessarily, the facts surrounding the earlier transaction would have to be introduced at a trial concerning appellant's alleged sale of desoxyn. Therefore, it was not error to consolidate these informations for trial.

Appellant also argues that the trial court erred by not granting appellant's motion to quash the informations on the grounds that neither information was signed by an officer who personally observed the alleged crimes. This argument is without merit. The informations in question were signed by a department officer (affiant) and stated that the crimes alleged therein were committed in the presence of an undercover police officer. See Pa.R.Crim.P., Rules 132(3) and 225(b)(5). The instant case is comparable to the situation where an arrest warrant is based upon information given by an unidentified informant. An arrest warrant can be based upon information from such an informant if (1) the underlying circumstances are known on which the informant concluded that the accused committed a crime and (2) there is some reasonable basis for concluding that the informant was reliable. *Commonwealth v. Davis*, 466 Pa. 102, 351 A.2d 642 (1976). Certainly both conditions are met in the instant case and so appellant's argument fails.

Appellant also claimed that the informations were materially defective because he claims that they do not describe the alleged crime in sufficient detail or identify the drug which appellant allegedly sold. Appellant's claim is completely unsupportable as the informations do give these facts.

It is further argued by appellant that the trial court erred by ruling prior to trial that the district attorney could introduce on cross-examination appellant's prior criminal record. Appellant claims that the lower court's ruling prejudiced him because it caused appellant to reveal his own prior criminal record. We reject appellant's argument. When an accused takes the stand, evidence of prior convictions of an accused can be introduced on cross-examination for purposes of impeaching the credibility of the accused as a witness; however, only crimes in the nature of *crimen falsi* can be used towards this purpose. *Commonwealth v. Bighum*, 452 Pa. 554, 307 A.2d 255 (1973); *Commonwealth v. Love*, 248 Pa.Super. 387, 375 A.2d 151 (1977); *Commonwealth v. Bryant*, 247 Pa.Super. 386, 372 A.2d 880 (1977). At appellant's trial, the prior convictions which were introduced

were in the nature of *crimen falsi.* One conviction apparently involved an auto theft. The second was for unsworn falsification to authorities. Both of these properly can be introduced under the *Bighum* rule and so there was no error committed.

▇▇▇▇▇ Appellant contends that the lower court erred by allowing an in-camera hearing on March 10, 1977 during which appellant's co-defendant John McManus pleaded guilty to related charges. Appellant alleges that his exclusion from this proceeding was error because appellant believed that evidence helpful to his case may have been revealed at the McManus hearing. In his opinion, the trial judge indicates that McManus requested such a proceeding because he feared for his safety and the Commonwealth consented to this procedure. Appellant argues that he had a right to be present at McManus' hearing to gather evidence. The lower court was correct in holding that appellant has no right to discover the Commonwealth's evidence against him prior to trial. *Commonwealth v. Caplan,* 411 Pa. 563, 192 A.2d 894 (1963). An exception to this general rule is provided by Pa.R.Crim.P. 310, only when an accused proves exceptional circumstances and compelling reasons for such disclosure.* In the instant case, appellant did not attempt to prove exceptional circumstances or compelling reasons justifying pre-trial discovery. Therefore, appellant has no standing to complain about being excluded from John McManus' in-camera hearing.

Accordingly, for the above reasons we affirm appellant's conviction.

JACOBS, President Judge, concurs in the result.

HOFFMAN, J., did not participate in the consideration or decision of this case.

---

* Additionally, the Commonwealth was and is bound to make available to the defense any exculpatory evidence. *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963); *Commonwealth v. Gee,* 467 Pa. 123, 354 A.2d 875 (1976). However, this duty does not necessarily foreclose the possibility of allowing a co-defendant to enter his guilty plea at an in-camera hearing where circumstances justify such a procedure.