Commonwealth *v.* Leach, Appellant.

Argued November 20, 1973. Before EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*Reuben Singer,* with him *Singer and Deitch,* for appellant.

*David Richman,* Assistant District Attorney, with him *Louis A. Perez, Jr.,* Assistant District Attorney,

*Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE EAGEN, March 25, 1974:

This is a direct appeal from the judgment of sentence imposed on Albert Leach, following his conviction by a jury of murder in the second degree.

From the trial evidence, the jury was warranted in finding these facts.

On the evening of October 28, 1970, Albert Leach, the appellant, Calvin Dixon and a third unidentified youth were observed walking together very fast ["almost running"] in an easterly direction on Jefferson Street in Philadelphia. Dixon was carrying a full length shotgun with at least the barrel of the gun plainly visible. The trio then turned south together on Marshall Street and continued their fast gait until they came upon Reginald Fambrough, who was walking alone north on the opposite side of Marshall Street. The trio then crossed the street together and stopped Fambrough, whereupon Dixon fatally shot him. At the time Leach and his companions were standing in a group about two feet from the victim. After the shooting, Leach and his companions fled from the scene together.

At trial, the Commonwealth successfully persuaded the jury that Leach was an accessory before the fact to the killing, and, hence, was guilty of murder under Section 1105 of the Act of June 24, 1939, P. L. 872, as amended, 18 P.S. §5105.[1] Leach contends the evidence was insufficient as a matter of law to convict him of

---

[1] "Every principal in the second degree or accessory before fact, to any felony at the common law or under any act of Assembly may be indicted, tried, convicted, and if no punishment is provided, may be punished in all respects as if he were the principal felon."

being an accessory before the fact, and, hence the judgment should be arrested. We disagree.

An accessory before the fact is one who plans, cooperates, assists, aids, counsels or abets in the perpetration of a felony. See *Commonwealth v. McFadden,* 448 Pa. 146, 292 A. 2d 358 (1972); *Commonwealth v. Coyle,* 415 Pa. 379, 203 A. 2d 782 (1964); *Commonwealth v. Grays,* 380 Pa. 77, 110 A. 2d 422 (1955). It is true that to aid or abet in the commission of a crime, one must be an active partner in the intent to commit it. See *Commonwealth v. McFadden,* supra, and *Commonwealth v. Strantz,* 328 Pa. 33, 195 A. 75 (1937). However, the Commonwealth is entitled to the benefit of all reasonable inferences arising from the evidence [*Commonwealth v. Bartlett,* 446 Pa. 392, 288 A. 2d 796 (1972)], and the jury could certainly reasonably infer from the evidence in this case that Leach was an active partner in Dixon's lethal plan.

It is argued the evidence merely established Leach's presence at the scene of the crime. What we said in *Commonwealth v. Pierce,* 437 Pa. 266, 263 A. 2d 350 (1970), in answer to a similar contention bears repetition here: "It is, of course, settled law that 'mere presence' at a homicide does not constitute aiding and abetting. See, e.g., Commonwealth v. Giovanetti, 341 Pa. 345, 353, 19 A. 2d 119, 123 (1941); 1 Wharton, Criminal Law and Procedure, §144, at 248 (Anderson 1957). On the other hand, '[g]uilt or innocence of the abettor . . . is not determined by the quantum of his advice or encouragement. If it is rendered to induce another to commit the crime and actually has this effect, no more is required.' Perkins, Parties to Crimes, 89 U. Pa. L. Rev. 581, 598 (1941) [citation omitted]." Id. at 268, 263 A. 2d at 351.

Finally, Leach argues a new trial is required because the trial judge erred in failing to charge the

jury on the crime of voluntary manslaughter. There was no request made for such a charge, nor was there an objection entered to the failure of the trial judge to charge the jury on this point. Under the circumstances, this assignment of error is devoid of merit.

Judgment affirmed.

Mr. Chief Justice JONES took no part in the consideration or decision of this case.