Commonwealth *v.* Flowers, Appellant.

Argued June 12, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*James F. Geddes, Jr.,* for appellant.

*John J. Gill,* with him *Jerome L. Cohen,* First Assistant District Attorney, and *Patrick J. Toole, Jr.,* District Attorney, for Commonwealth, appellee.

OPINION BY WATKINS, P. J., October 28, 1975:

This is an appeal by the defendant-appellant, Donald Flowers, from the judgment of sentence of the Court of Common Pleas of Luzerne County, Criminal Division, after conviction of being an accessory before the fact concerning the sale of marijuana to a narcotics undercover agent after trial by a Judge sitting without a jury. The defendant was sentenced to a term of imprisonment of 6 to 24 months.

On October 6, 1972 two agents of the Pennsylvania Department of Health, Bureau of Drug Control, were conducting undercover narcotics operations in the City of Wilkes-Barre, Pennsylvania. One of the agents, Norman Lepere, approached the defendant and asked if the defendant was "holding anything" which in drug parlance means whether he had any drugs in his possession. The defendant responded negatively. A few minutes after the agent's initial solicitation, a third party, George Shiner, approached the defendant and a female acquaintance of his and asked whether either of them wished to purchase drugs. The agents were standing a short distance from the defendant at this time on a busy street in the center of the city and did not overhear any part of the conversation. After the conversation with Shiner, the appellant approached the agent and indicated

to him that Shiner had some "grass". The entire group including the defendant, his female friend, her child, Shiner, and the two agents then proceeded to Shiner's residence, a mobile home in a trailer park. At Shiner's home another person, John Dustin, appeared on the scene bringing the narcotics with him. The marijuana was passed from Dustin, to Shiner, to the agent and $200.00 was passed from the agent, to Shiner, then to Dustin, whereupon Dustin left the premises. The appellant was present throughout this transaction but did not handle the marijuana nor the money. The agents could not remember any further conversation with appellant about drugs other than his initial introduction of them to Shiner. The court then found the defendant guilty of being an accessory before the fact to the sale of marijuana.

Under the old Crimes Code of Pennsylvania in effect at the time of this incident of which defendant was convicted, every accessory before the fact to any felony could be punished as if he was the principal. 1939, June 24, P.L. 872, §1105, 1943, May 21, P.L. 306, §1, 18 P.S. §5105. The defendant was charged, tried and convicted of being an accessory before the fact.

Defendant cites the case of *Commonwealth v. Simione*, 447 Pa. 473, 291 A. 2d 764 (1972) for the proposition that the facts adduced at trial by the Commonwealth were insufficient to sustain his conviction. In *Simione*, supra, the Supreme Court held that a defendant who was persuaded by the buyer of a prohibited substance, who was an undercover agent, to arrange the deal through a third party, and who acted as an intermediary in the deal, but who did not receive any proceeds of the sale and was not an agent of the seller could not be convicted of "selling" the proscribed substance. Unlike the situation in *Simione* the defendant in this case was not charged with *selling* the proscribed substance but was charged with being an *accessory* before the fact who

aided and abetted the sale. (Emphasis added). In *Simione* the court specifically directed itself to the charge of *selling* since a bill of particulars provided to the defendant by the district attorney specified that as the charge and since the lower court's charge to the jury unmistakably set forth the question of whether the defendant *sold* the drug as the sole issue for the jury's consideration. (Emphasis added). These factors played an important part in the Supreme Court's opinion in that case. This is also true of *United States v. Moses*, 220 F. 2d 166 (3d Cir. 1955). However, in the instant case the defendant was not charged with *selling* but with being an. *accessory* to the sale. Therefore we do not feel that the ruling in *Simione* is determinative of the issue before us in this case. Our sole issue is whether the defendant "aided, abetted or counseled" the sale of the prohibited substance. In such case, the test is not the intention or willingness of the parties actually engaged in the commission of the offense, but rather what the one who is charged with being an accessory before the fact did in relation to the commission of the offense. *Commonwealth v. Mourar*, 167 Pa. Superior Ct. 276, 74 A. 2d 732 (1950). We find that the defendant did "aid, abet and counsel" the commission of the crime, i.e., the sale of the marijuana. It was the officer's testimony that it was the appellant who set up the sale of the marijuana, between Shiner and the officer. Without appellant's actions the sale of the drug would not have been accomplished since it was he who knew that the officer desired to purchase the drugs and it was he who knew that Shiner had such a product for sale. It is not appellant's mere presence at the scene which constitutes his culpability but his active participation in setting up the sale and helping it proceed to fruition which constitutes his guilt. We reaffirm the principle that mere presence at the scene of a crime does not constitute guilt of the crime. A passive bystander who happens to come on an illegal

activity but does not participate in it commits no crime. *Commonwealth v. Jones,* 213 Pa. Superior Ct. 504, 247 A. 2d 624 (1968). However, it is clear from the testimony that the defendant in our case was no mere bystander but that he actively participated in setting up the illegal sale and as such was an accessory before the fact.

We also find that the appellant was not entrapped into committing the crime. The officer merely asked defendant if he "was holding" and when the defendant responded negatively the officer walked away from him. He did not badger nor harass the defendant but merely let it be known that he was interested in purchasing drugs. The defendant did the rest. Under these circumstances we can find no improper police conduct amounting to entrapment. See, *Commonwealth v. Conway,* 196 Pa. Superior Ct. 97, 173 A. 2d 776 (1961), where at page 100 this Court cited *Sorrells v. United States,* 287 U.S. 435, 441, 53 S. Ct. 210, 212 (1953) as follows: "It is well settled that the fact that officers or employees of the Government merely afford opportunities or facilities for the commission of the offense does not defeat the prosecution. Artifice and stratagem may be employed to catch those engaged in criminal enterprises . . . A different question is presented when the criminal design originates with the officials of the Government, and they implant in the mind of an innocent person the disposition to commit the alleged offense and induce its commission in order that they may prosecute."

Judgment of sentence affirmed.

---

DISSENTING OPINION BY SPAETH, J.:

In deciding whether appellant was guilty as an accessory before the fact, both the lower court and the majority of this court have applied a "but—for" test. Thus the lower court said: "We ask whether without [appellant's] introduction of Shiner to the undercover

agents a crime would have been committed. The obvious answer to this is in the negative." And this court says: "Without appellant's actions the sale of the drug would not have been accomplished since it was he who knew that the officer desired to purchase the drugs and it was he who knew that Shiner had such a product for sale." It is respectfully submitted that this is not the way to decide the case. The test to be applied is not one of causation but of agency, or partnership. An accessory before the fact is one who aids or abets in the perpetration of a felony. *Commonwealth v. Leach,* 455 Pa. 448, 317 A.2d 293 (1974) ; *Commonwealth v. Finkelstein,* 191 Pa. Superior Ct. 328, 156 A.2d 888 (1959). To aid or abet in the commission of a crime, one must be an "active partner in the intent to commit it." *Commonwealth v. Leach, supra* at 451, 317 A.2d at 295. *Commonwealth v. Strantz,* 328 Pa. 33, 40, 195 A. 75 (1937). A "very slight and tenuous connection with the crime" is insufficient. *Commonwealth v. Darnell,* 179 Pa. Superior Ct. 461, 463, 116 A.2d 310, 311 (1955).

In considering whether the evidence was sufficient to prove that appellant was "an active partner" of Shiner's, the most helpful case that I have found is *United States v. Moses,* 220 F. 2d 166 (3d Cir. 1955). There the defendant was convicted as a seller of narcotics under a federal statute providing that one who "aids, abets, counsels, commands, induces, or procures" the commission of an offense against the United States is guilty as a principal. The facts were virtually identical to the facts here, as appears from Judge HASTIE's statement of the case:

"Appellant, a single woman 26 years of age, is a drug addict. Two undercover federal narcotic agents had become unsuspected members of the wretched circle of addicts and their familiars in which appellant moved. On the afternoon in question these agents came uninvited to the apartment where appellant

lived with her parents. They told her they wished to purchase some drugs and inquired whether she knew where such could be obtained. She replied that she did not have any, that one Cooper who was her supplier would be over in about a half hour and that she would be able to arrange for the agents to get some drugs from him, but that they might also be able to obtain drugs from another supplier named Mack. After waiting a while the agents asked her to call Mack because they were not sure whether Cooper would come or not. Appellant called Mack's home but was not able to reach him. As the agents were about to leave Cooper arrived. Appellant introduced the agents to Cooper and told him that they wished to purchase drugs. Cooper inquired of her whether they were all right and, when she replied in the affirmative, asked how she knew. Her answer was that she had seen them 'over on the avenue' on other occasions. The agents then told Cooper the amount and type of drugs they desired and discussed the price with him. Appellant heard the conversation but took no part in it. The agents and Cooper left the house and separated. Some hours later that evening they reassembled at three different times and places. The money was paid at the second meeting and the drugs were delivered at the third meeting. Appellant was not present at any of these meetings which occurred at places other than her home.

"There is no evidence that appellant's relationship to Cooper's illicit business was other than that of a customer. On the day in question she merely introduced the prospective buyers to Cooper and vouched for them, all at the buyers' request, with the result that the principals accomplished a sale some hours later. On these facts the district court, sitting without a jury, found the defendant guilty as charged." *Id.* at 167-68.

In analyzing the legal significance of these facts, the court collected various authorities to the effect that accessories before the fact must be " 'confederates' or 'intentional participants in a common design with a principal actor.' " *Id.* at 169. ". . . [E]mphasis on those facts which show collaboration and association is characteristic of judicial analysis in those cases where convictions of aiding and abetting have been sustained." *Id.* (collecting cases). (This statement of the law, it will be observed, is in accord with the decisions of our Supreme Court and of this court, cited above.) The court then held that there was an "absence of any showing of collaboration or association," and therefore reversed the conviction. The court explained this holding as follows:

> "The government has chosen to indict Marie Moses for her connection with the crime of selling rather than for any connection with buying. The conviction must stand, if at all, on her relation to the seller and his illicit enterprise. Any relation to the buyer actually militates against conviction of the charged offense of criminal complicity in selling.
>
> "The undisputed facts show the appellant acting solely at the behest of the prospective buyers and in their interest. At the buyers' request she did two things to facilitate their purchase. She introduced them to the seller and she vouched for their bona fides, if purchasers of contraband drugs can be so characterized. That is all that was proved. There was nothing to show that she was associated in any way with the enterprise of the seller or that she had any personal or financial interest in bringing trade to him. Although appellant's conduct was prefatory to the sale, it was not collaborative with the seller. For this reason the conviction cannot be sustained." *Id.* at 168.

I find no distinction between *Moses* and this case. There, as here, "[t]he government has chosen to indict

. . . for [the defendant's] connection with the crime of selling rather than for any connection with buying." However, there, as here, "[t]here was nothing to show that [the defendant] was associated in any way with the enterprise of the seller . . . ." The majority states that "[t]he entire group including the defendant, his female friend, her child, Shiner, and the two agents then proceeded to Shiner's residence . . . ." They proceeded, however, in the agents' car; and since Shiner was along, presumably he led the way to his residence; there is nothing to suggest that appellant did more than go along, as did his female friend and her child. In my judgment, this is not the "partnership," or "collaboration," or "association," that must be shown to sustain a charge that the defendant acted as an accessory before the fact.

CERCONE, J., joins in this opinion.