394 A.2d 575

**COMMONWEALTH of Pennsylvania**

v.

**David COADES, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 6, 1977.

Decided Nov. 22, 1978.

328

Roy H. Davis, Assistant Public Defender, Drexel Hill, for appellant.

Frank T. Hazel, District Attorney, Media, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

CERCONE, Judge:

Appellant, David Coades, was tried by a jury and found guilty of robbery, simple assault, and theft by unlawful taking. Post-verdict motions were denied and a sentence of three to six years imprisonment was imposed on the robbery charge. On this direct appeal, appellant contends the evidence was insufficient to sustain the verdicts and, secondly, that the lower court erred in denying him permission to argue a suppression motion immediately prior to trial. We affirm.

It is axiomatic that "[t]he test for the sufficiency of evidence in a criminal case is whether, viewing all the evidence admitted at trial in the light most favorable to the Commonwealth and drawing all reasonable inferences favorable to the Commonwealth, there is sufficient evidence to enable the trier of fact to find every element of the crime beyond a reasonable doubt." *Commonwealth v. Bastone*, 466 Pa. 548, 552, 353 A.2d 827, 829 (1976); *Commonwealth v. Whitfield*, 474 Pa. 27, 376 A.2d 617 (1977).

Considered in accordance with the above principles, the evidence shows that on the afternoon of January 29, 1976, appellant entered a supermarket in Chester, Pennsylvania and approached Ms. Karen Tate, who was working as a cashier. At this time appellant was wearing a knit ski mask which obscured his face. Appellant said something to Ms. Tate, and when she indicated that she could not hear him he raised the mask above his face and, at gunpoint, ordered her to take money from the cash register and place it in a paper

bag. When Ms. Tate stepped back and told him to take the money, appellant reached into the register and placed money and food stamps in a paper bag. While appellant was attempting to flee, he was intercepted by two store employees and a scuffle ensued. During the course of the scuffle, appellant's mask, gun, and the bag of money fell to the floor. At this point, a Chester police officer who was working as a security guard in the store came upon the scene, and saw appellant, whom he recognized, break away from the two employees and run out of the store. The officer gave chase and fired several shots before appellant escaped in an automobile. Later that same day, however, appellant was arrested pursuant to a warrant. Appellant did not take the stand, but offered an alibi witness who testified that during the time in question he and appellant were delivering sandwiches together.

■ The foregoing evidence was clearly sufficient for the jury to conclude beyond a reasonable doubt that appellant was guilty as charged. Two eyewitnesses to the crime unequivocally identified appellant in-court as the perpetrator. "It is within the province of the trier of facts to pass upon the credibility of witnesses and weight to be accorded the evidence produced." *Commonwealth v. Alston,* 461 Pa. 664, 667, 337 A.2d 597, 598 (1975). The jury obviously chose not to believe appellant's alibi witness and on this record we cannot hold that this was error. See *Commonwealth v. Taylor,* 461 Pa. 659, 337 A.2d 595 (1975).

■ The facts relative to appellant's remaining contention are as follows. Throughout the proceedings below appellant was represented at one time or another by different attorneys from the same Public Defender's Office. Appellant's first counsel filed a pre-trial motion to suppress any photographic identifications made by the Commonwealth's witnesses. This motion was based on the allegation that Ms. Tate had been shown mug shots. A hearing was held on May 11, 1976, and the motion was denied on the grounds that there was absolutely no evidence that any photographic identification had occurred. On June 3, 1976, appellant filed

a *pro se* application styled "Petition to Squash [sic] All Bills of Indictment" requesting, inter alia, suppression of Ms. Tate's identification of him at the preliminary hearing on the grounds that her identification testimony was "impermissively suggested and improperly introduced." The trial judge first became aware of this *pro se* petition when appellant's second attorney brought it to his attention just as trial was set to commence on June 21, 1976. We conclude that the trial judge did not err in denying counsel leave to argue the *pro se* petition at that late date.

Rule 304(e) (since renumbered as Rule 306(e)) of the Pennsylvania Rules of Criminal Procedure, relating to pretrial motions, provides:

> "(e) All grounds for the relief demanded shall be stated in the motion and failure to state a ground shall constitute a waiver thereof."

Instantly, appellant's first suppression motion related solely to an allegedly unlawful photographic identification by Ms. Tate. Significantly, the first motion makes no allegation that Ms. Tate's identification of appellant at the preliminary hearing was the result of an impermissibly suggestive confrontation. Furthermore, there is no allegation that appellant was unaware of the grounds asserted in his second petition at the time the first petition was filed. Since appellant was represented by counsel throughout and had ample opportunity to raise all of his grounds in the first suppression petition, we hold that the allegation asserted in the second petition had been waived. Rule 304(e), supra. As the trial judge aptly stated in his opinion: "In the interest of orderly judicial process, a defendant should be required to present all his points for suppression at one time and not string them out piece meal and thus delay trial indefinitely." We agree.

Judgment of sentence affirmed.

WATKINS, Former President Judge and HOFFMAN, J., did not participate in the consideration or decision of this case.