447 A.2d 615

**COMMONWEALTH of Pennsylvania**

v.

**Clifford CUNNINGHAM, Appellant.**

Superior Court of Pennsylvania.

Argued Nov. 4, 1981.

Filed April 12, 1982.

Reargument Denied July 26, 1982.

J. Hugh O'Donnell, Philadelphia, for appellant.

Alan Sacks, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before BROSKY, POPOVICH and MONTGOMERY, JJ.

MONTGOMERY, Judge:

This appeal arises from appellant's conviction by a jury of murder in the third degree and his subsequent sentence of three (3) to six (6) years imprisonment. We reverse the judgment of sentence and discharge appellant as there was insufficient evidence to support the conviction.

Appellant's conviction resulted from a charge of accomplice to murder. The Commonwealth's evidence was based on the premise that appellant, in identifying and detaining the victim, Scott Kates, facilitated the confrontation between the murderer and Kates. The facts herein, however, do not support such a vicarious assignment of liability.

In evaluating the sufficiency of the evidence, the record must be viewed in the light most favorable to the Commonwealth, and, drawing all reasonable inferences therefrom, sufficient evidence must be found to enable the jury to find every element of the crime beyond a reasonable doubt. *Commonwealth v. Joyner*, 489 Pa. 502, 414 A.2d 1003 (1980); *Commonwealth v. Tate*, 485 Pa. 180, 401 A.2d 353 (1979). Viewed in this light, the record reveals the following:

During the morning of October 4, 1979, one of appellant's boarders, Carlos (Charles) Perez, told appellant that someone had entered his third floor quarters and stolen his food stamps. Perez implied that he thought some of appellant's visitors may have been involved. While questioning his neighbors, appellant learned that on the day of the burglary some of them had seen a young man, Scott Kates, climb in the rear window of appellant's house where the Perez apartment was located.

At or around one o'clock in the afternoon of October 4th, appellant saw Kates on a bicycle and attempted to question him about the burglary. The victim got off his bicycle, ran across the street to a vacant lot, and picked up two empty beer bottles. Appellant walked over to his car and removed a baseball bat from it. Kates began to run with the bottles in his hands.

A witness, who was washing his car across the street, heard a noise, looked up, and saw Kates getting up from the ground. He saw appellant point to Kates and identify him as the thief to someone the witness could not see. It was later determined that the someone was Carlos Perez, who was approximately one-half block away from appellant. Meanwhile, Kates started running. When appellant began to chase him, Kates threw a beer bottle and hit appellant in the chest. Appellant caught up with Kates and hit him twice in the leg. The witness then saw Perez, who approached the scene from behind appellant, standing over the victim with a piece of wood resembling an ax handle in his hands. As the witness turned away from the scene he heard a thumping noise.[1] He next saw appellant return the bat to his car and drive away. He observed the victim walking around dazedly approximately 1½ minutes later.

A police officer arrived at the scene immediately thereafter and took the victim to the hospital where he died the next

1. Other testimony revealed that Carlos Perez's attack on the victim was unexpected by appellant. During the attack, appellant attempted to stop Perez and, eventually, was able to pull Perez away from Kates. This testimony is uncontradicted by any other evidence.

day. During the trial, a county medical examiner testified that the cause of death was injury to the skull and brain, and that death was by homicide.

■ The facts, even when viewed in the light most favorable to the Commonwealth as verdict winner, *Commonwealth v. Joyner, supra*, are insufficient to sustain a finding of vicarious criminal liability for third degree murder. Vicarious criminal liability is premised upon the existence of the element of criminal intent. *Commonwealth v. Wright*, 235 Pa.Super. 601, 344 A.2d 512 (1975). To aid and abet in the commission of a crime, one must possess a shared intent to commit it. *Commonwealth v. Henderson*, 249 Pa.Super. 472, 378 A.2d 393 (1977); *Commonwealth v. Leach*, 455 Pa. 488, 317 A.2d 293 (1974).

■ It is undisputed that appellant detained Kates by hitting him in the leg and identified him as the thief to Perez. This, however, was the only evidence adduced at trial which could lead the jury to infer that appellant was an accomplice to the murder. On the other hand, there was undisputed testimony that appellant could not see Perez approaching with a piece of wood and that he attempted to restrain Perez from hitting Kates. Even without the mitigating explanation concerning appellant's actions, the identification and detainment in light of the totality of the circumstances are insufficient to prove intent beyond a reasonable doubt. Though aiding and abetting may be established by circumstantial evidence, proof must lead to more than suspicion or conjecture. *Commonwealth v. Fields*, 460 Pa. 316, 333 A.2d 745 (1975). Even if the guilty verdict was based on more than suspicion or conjecture, the evidence presented could only lead to an inference of guilt of third degree murder[2] by a preponderance of the evidence.

**2.** Notably, appellant was initially charged with simple and aggravated assault in addition to murder and voluntary manslaughter. All charges except for murder and voluntary manslaughter were nolle prossed by the prosecution. Our review of the record reveals that there may have been legally sufficient evidence for a conviction of simple and/or aggravated assault. We cannot reach this question,

A conviction in a criminal case, however, cannot stand if it must depend upon a preponderance of the evidence, for the criminal standard is proof beyond a reasonable doubt. *Commonwealth v. Finley*, 477 Pa. 382, 383 A.2d 1259 (1978).

Judgment of sentence is reversed and appellant is discharged.

POPOVICH, J., concurs in the result.

however, as the assault charges were not before the lower court during trial.