J-S67039-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| AMEEN MCNAIR | : | |
| | : | |
| Appellant | : | No. 1570 EDA 2016 |

Appeal from the Judgment of Sentence January 8, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0013671-2014

BEFORE:   GANTMAN, P.J., MUSMANNO, J., and STEVENS*, P.J.E.

MEMORANDUM BY GANTMAN, P.J.:                **FILED NOVEMBER 02, 2017**

Appellant, Ameen McNair, appeals from the judgment of sentence entered in the Philadelphia County Court of Common Pleas, following his jury trial conviction for robbery.[1]  We affirm.

In its opinion, the trial court accurately set forth the relevant facts and procedural history of this case.  Therefore, we have no reason to restate them.[2]

Appellant raises two issues for our review:

> WHETHER THE EVIDENCE WAS INSUFFICIENT TO CONVICT APPELLANT OF ROBBERY, 18 PA.C.S.A. §

---

[1] 18 Pa.C.S.A. § 3701(a)(1)(ii).

[2] We add that Appellant timely filed post-sentence motions on January 12, 2016, which were denied by operation of law on May 12, 2016.

---

*   Former Justice specially assigned to the Superior Court.

3701(A)(1)(II)?

WHETHER THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT ISSUED AN EXCESSIVELY PUNITIVE SENTENCE OF TEN (10) TO TWENTY (20) YEARS' INCARCERATION FOR ROBBERY, 18 PA.C.S.A. § 3701(A)(1)(II)?

(Appellant's Brief at 7).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Sandy L.V. Byrd, we conclude Appellant's issues merit no relief. The trial court opinion comprehensively discusses and properly disposes of the questions presented. (*See* Trial Court Opinion, filed March 28, 2017, at 2-9) (finding: **(1)** following robbery, Victim described perpetrators to police and items stolen; Victim told police he saw perpetrators flee in Crown Victoria vehicle; police stopped Crown Victoria vehicle less than one mile from crime scene and found Appellant and co-defendant in backseat with female driver; Victim immediately identified Appellant and co-defendant as perpetrators; Victim also identified his assailants in written statement given later at police station; from vehicle, police recovered Victim's cell phone case (which had distinct white Punisher face on back) and Victim's white Soul headphones, which Victim had described to police as stolen immediately following robbery; jury was free to reject co-defendant's testimony that he acted alone and Appellant was mere innocent bystander; fact that jury acquitted Appellant of other charges does not require setting aside robbery conviction; Appellant took Victim's cell phone and demanded pass code while co-

defendant held Victim at gunpoint; Victim's identification testimony coupled with additional circumstantial evidence was sufficient to prove Appellant's guilt beyond reasonable doubt; **(2)**[3] record demonstrates court considered all pertinent factors before imposing sentence; court reviewed Appellant's mental health evaluation and pre-sentence investigation report; court heard argument from both parties before imposing sentence; court considered manner in which crime was committed, its impact on Victim, societal need for protection, sentencing guidelines, as well as Appellant's age, mental aptitude, educational attainment, employment history, prior criminal record, and rehabilitative needs; court did not consider impermissible factors[4]). Accordingly, we affirm on the basis of the trial court's opinion.

Judgment of sentence affirmed.

---

[3] Appellant has complied with the requirements for review of his sentencing claim. *See **Commonwealth v. Evans***, 901 A.2d 528 (Pa.Super. 2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006) (explaining challenge to discretionary aspects of sentencing is not automatically reviewable as matter of right; prior to reaching merits of claim, we conduct four-part test to determine whether appellant has filed timely notice of appeal, preserved issue at sentencing or in timely filed post-sentence motion, complied with Pa.R.A.P. 2119(f), and raised substantial question). Nevertheless, Appellant did not preserve in his post-sentence motion his argument that his sentence constituted "cruel and unusual punishment" because it triggered an additional consecutive sentence for a violation of parole in another case. Thus, this particular claim is waived. ***See id.***

[4] In detailing its reasons for the sentence imposed, the court emphasized the current conviction is Appellant's **fourth** robbery offense. (***See*** N.T. Sentencing, 1/8/16, at 18-23.)

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/2/2017

# IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
## CRIMINAL TRIAL DIVISION

COMMONWEALTH OF PENNSYLVANIA : CP-51-CR- 0013671-2014

v.   **FILED**  : SUPERIOR COURT **FILED**

AMEEN MCNAIR   **MAR 2 8 2017**  : 1570 EDA 2016   **MAR 2 8 2016**

Office of Judicial Records
Appeals/Post Trial

Criminal Appeals Unit
First Judicial District of PA



CP-51-CR-0013671-2014 Comm. v. Mc Nair, Ameen
Opinion   **OPINION**

Byrd, J.                                                     March 28, 2017

7924895701

On November 3, 2015, after a jury trial before this court, Ameen McNair was convicted of armed robbery, but found not guilty of conspiracy and possession of an instrument of crime. This court sentenced defendant to an aggregate term of ten (10) to twenty (20) years of state incarceration on January 8, 2016. Defendant filed a notice of appeal on May 17, 2016. This court ordered defendant to file a statement of matters complained of on appeal on July 20, 2016. Said statement was filed on August 08, 2016

## I.   STATEMENT OF FACTS

On November 5, 2014, at about 11:00 p.m., complainant Jason Collins was leaving the Sanitation Convenience Center, 51st and Grays Ferry Avenue, Philadelphia, following two back to back shifts. Mr. Collins walked along 55th Street toward Girard Avenue, and as he crossed Girard Avenue, two black men approached him wearing hooded sweatshirts with their faces partially covered. N.T. 10/30/15, pp. 5, 19. These two men were later identified as defendant and his co-defendant Keon Davis. When he was approximately three (3) feet away from Mr. Collins, in an

area about fifteen (15) feet from an overhead street lamp, Davis drew a black revolver and said, "You know what it is." N.T. 10/30/15, pp. 6-7. Davis took Mr. Collins' Soul headphones. Defendant took Mr. Collins' Samsung Galaxy phone with a Punisher cover. Defendant asked Mr. Collins to unlock his phone, to which Mr. Collins responded that he needed to use his thumb-print. N.T. 10/30/15, pp. 9. Davis directed Mr. Collins to sit on a set of steps in front of a nearby home and said, "I know you have something else." In response, Mr. Collins placed a lip balm and candy from his pocket on the steps. N.T. 10/30/15, pp.11; 23-24. Davis told Mr. Collins to standup and walk away. In order to keep them in view, Mr. Collins side-stepped away from the men and called out to a neighbor for help. N.T. 10/30/2015, pp. 10-11. Defendant and Davis ran to a blue Crown Victoria, which was parked some twenty five (25) feet away with the engine running. N.T. 10/30/2015, pp. 11. The Crown Victoria drove west on Thompson Street from 55th Street, with Mr. Collins running after the vehicle until he was able to flag down a police officer driving by on routine patrol. N.T. 10/30/2015, pp. 11-12. The officer placed Mr. Collins into the police car and caught up with the Crown Victoria at 57th Street and Lancaster Avenue, approximately twelve (12) city blocks from the robbery location. N.T. 10/30/2015, pp. 12. Davis and defendant exited the back seat of the vehicle and Mr. Collins identified the two men as his assailants. N.T. 10/30/2015, pp. 12.

## II.   STATEMENT OF MATTERS COMPLAINED OF ON APPEAL

Defendant raised the following issues in his Amended Statement of Matters Complained of on Appeal, in accordance with Pennsylvania Rule of Appellate Procedure 1925(b)[1]:

> 1.  Whether with the victim unable to identify defendant in court, his alleged co-conspirator providing complete exoneration, and the jury acquitting him of criminal conspiracy and possessing an

---

[1] The following is a verbatim statement of the issues.

2

instrument of crime, the evidence was insufficient to convict defendant of armed robbery

2. Whether the court considered all relevant factors prior to imposing ten (10) to twenty (20) years in state prison

3. Whether the court's sentence was manifestly excessive

4. Whether this court's sentence of ten (10) to twenty (20) years in state prison, which triggered an additional, five (5) to ten (10) year violation of parole (VOP) sentence in <u>Commonwealth v. McNair</u>, CP-51-CR-6577-2009, to run consecutive to the sentence in this case, rose to the level of cruel and unusual punishment

## III. DISCUSSION

Defendant's first contention, that the evidence was insufficient to support the guilty verdict, is clearly frivolous. In evaluating whether the evidence was sufficient to sustain a conviction, the court is to ". . . view the evidence in the light most favorable to the Commonwealth as verdict winner, accept as true all the evidence and all reasonable inferences upon which, if believed, the jury could properly have based its verdict, and determine whether such evidence and inferences are sufficient in law to prove guilt beyond a reasonable doubt." <u>Commonwealth v. Tate</u>, 401 A.2d 353 (1979). In applying this test, "The entire record must be evaluated and all evidence actually received must be considered." <u>Commonwealth v. DiStefano</u>, 782 A.2d 574 (2001) (quoting <u>Commonwealth v. Hennigan</u>, 753 A.2d 245 (2000)). In <u>Commonwealth v. Costa-Hernandez</u>, 802 A.2d 671 (2002), the court recognized that, "The question of any doubt regarding the facts and circumstances established by the Commonwealth is for the fact-finder to resolve unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances." The appellate court may not weigh the evidence and substitute its judgment for the fact finder. <u>Commonwealth v. Taylor</u>, 831 A.2d 661 (2003).

3

In pertinent part, Title 18 Pa.C.S.A. § 3701 reads as follows:

> (a) Offense defined-
> (1) A person is guilty of robbery if, in the course of committing a theft, he:
>
> . . .
>
> (ii) threatens another with or intentionally puts him in fear of immediate serious bodily injury
>
> . . .
>
> (2) An act shall be deemed "in the course of committing a theft" if it occurs in an attempt to commit theft or in flight after the attempt or commission.

Commonwealth v. Orr, 38 A.3d 868, 874 (2011) (en banc), states, "[E]vidence of identification need not be positive and certain to sustain a conviction . . . Out-of-court identifications are relevant to our review of sufficiency of the evidence claims, particularly when they are given without hesitation shortly after the crime while memories were fresh . . . Given additional evidentiary circumstances, "any indefiniteness and uncertainty in the identification testimony goes to its weight." Orr, *supra*, is instructive as the Commonwealth presented the following at trial in that case: (1) two men seized the victim at gunpoint, shouting: "Don't move, old head. Don't move"; (2) the victim described the taller man as approximately 5′9″, in his twenties, with a red beard, light complexion, and wearing a camouflage-patterned hooded jacket and gray pants; (3) the two men forcibly took victim's wallet and jacket, containing victim's keys, cell phone, eyeglasses, and exactly twenty-six dollars; (4) based on victim's description, police stopped [the] appellant within three to five blocks of the crime scene and within twenty-five minutes of the crime, in a location consistent with the direction in which victim saw the perpetrators flee after the robbery; (5) [the] appellant was wearing a camouflage-patterned, hooded jacket and gray pants; (6) [the] appellant had a red beard and a light complexion; (7) [the] appellant was taller than victim had estimated, but victim confirmed at trial the perpetrator was definitely "taller than the average guy"; 8) [the] appellant was twenty-six years old on the date of the crime; (9) [the] appellant had exactly twenty-six dollars

4

on his person; and (10) Officer Flynn testified that, upon observing [the] appellant shortly after the crime, victim exclaimed: "Yes. That's him. That's the guy. That's the guy that did it." The facts in the instant case are quite similar to those in Orr, *supra*.

With respect to the evidence identifying defendant as one of the two robbers, the prosecutor had the following exchange with Mr. Collins at trial:

[District Attorney]: On the night that the car was stopped, did you make an identification to the officers?

[Mr. Collins]: Yes.

[District Attorney]: Do you recall -- I know you're saying you can't identify, but do you recall a physical description, anything beyond the skinnier guy?

[Mr. Collins]: A small beard. He definitely had a beard.

[District Attorney]: Is it fair to say, Mr. Collins, you didn't give them permission to take any of your items?

[Mr. Collins]: Yes.

[District Attorney]: Did you ever get any items back?

[Mr. Collins]: My white headphones.

[District Attorney]: Where were they?

[Mr. Collins]: At the police station.

[District Attorney]: How did you identify them as yours?

[Mr. Collins]: The officer identified them -- he showed them to me at -- when they pulled the car, when they were pulling stuff out of the car.

[District Attorney]: The police pulled items out of the car while you were on the scene?

[Mr. Collins]: Yes.

5

[District Attorney]: You identified your items?

[Mr. Collins]: Yes.

[District Attorney]: Which items were you able to identify?

[Mr. Collins]: Just the case from my headphones and my white headphones.

[District Attorney]: Do you recall on that night whether or not you -- did you go to Southwest detectives?

[Mr. Collins]: Yes.

[District Attorney]: Do you recall, on that night, whether or not you met with a Detective Maurizio?

[Mr. Collins]: Yes.

[District Attorney]: Did you give a statement to him?

[Mr. Collins]: Yes.

[District Attorney]: On that date, were you being truthful with him?

[Mr. Collins]: Yes.

N.T. 10/30/15, pp. 14-15.

In addition, Police Officer Clifford Dooley testified that he stopped the blue Crown Victoria on information from Jason Collins and found "Keon Davis seated on the back seat and Ameen McNair was also seated in the back seat, and a female driver, Tina Freeman." N.T. 10/30/15, pp. 36. Officer Dooley also testified that Mr. Collins "immediately identified the two males...," stating that Davis was the gun man and defendant took his phone and headphones during the robbery. Indeed, the officer observed in the vehicle's back seat "a black cell phone case with a big white Punisher face on the back of it" and white headphones which the victim identified as property taken from him during the robbery. N.T. 10/30/15, pp. 37-40.

6

Next, defendant contends that co-defendant Keon Davis' testimony denying defendant's involvement in the robbery renders the Commonwealth evidence insufficient to support the guilty verdict in this case. However, it was the exclusive province of the jury to evaluate the testimony offered by Davis and decide whether to believe some, all or none of it. Commonwealth v. Garvin, 293 A.2d 33 (1972); Commonwealth v. Williams, 299 A.2d 643 (1973). Here, the jury obviously rejected Davis' testimony that he acted alone and that defendant was merely an innocent bystander, and accepted the Commonwealth's version of the facts. Commonwealth v. Smith, 326 A.2d 60 (1974).

As stated above, defendant was stopped by police less than one (1) mile away from the crime scene in the getaway vehicle containing the victim's stolen items. Further, Mr. Collins positively identified defendant, both on the scene and later in a written statement at the police station. Thus, the identification testimony coupled with the additional evidentiary circumstances, was more than sufficient to prove defendant's guilt beyond a reasonable doubt. See Commonwealth v. Orr, *supra*.

Defendant also contends that his acquittal on the charges of conspiracy and possession of an instrument of crime requires that the robbery conviction be set aside. However, there is no support in the law for that contention. Commonwealth v. Carter, 282 A.2d 375 (1971). Although defendant did not possess the gun, he took Mr. Collin's cell phone and asked for the pass code while Davis held the victim at gunpoint. Thus, defendant's actions constituted robbery, both as a principal and as an accomplice. A defendant is an accomplice of another for a particular crime if he had the intent of promoting or facilitating the commission of that crime and he solicits, commands, encourages or requests the other person to commit it, or he aids, agrees to aid or attempts to aid another person in planning or committing it. Commonwealth v. Wayne, 720 A.2d

7

456 (1998). Further, guilt or innocence . . . is not determined "by the quantum of advice or encouragement." Commonwealth v. Leach, 317 A.2d 293 (1974).

In each of his remaining three claims, defendant challenges the sentence for robbery imposed by this court. First, defendant claims that the reasons for his sentence were not stated on the record. On the contrary, the record clearly shows that this court considered all pertinent factors before imposing sentence. *See* N.T. 01/08/16, pp. 4-7; Commonwealth v. Wagner, 702 A.2d 1084 (1997) (quoting Commonwealth v. Royer, 476 A.2d 453 (1984), which recognized that the trial court has made a contemporaneous statement when it placed " 'on the record, at sentencing, in the defendant's presence, the permissible range of sentences under the guidelines and, at least in summary form, the factual basis, and specific reasons which compelled the court to deviate from the sentencing range' "); Commonwealth v. Griffin, 804 A.2d 1 (2002) (explaining that "there is no requirement that a sentencing court must evoke 'magic words' in a verbatim recitation of the guidelines ranges to satisfy this requirement"). Prior to the sentencing hearing, this court reviewed both the mental health evaluation and the pre-sentence investigation report. See N.T. 01/08/16, pp. 5; Commonwealth v. Burns, 765 A.2d 1144 (2000) (confirming that the sentencing court "can satisfy the requirement that reasons for imposing sentence be placed on the record by indicating that he has been informed by the pre-sentencing report"); Commonwealth v. McClendon, 589 A.2d 706 (1991) (noting that the sentencing court's discretion will not be disturbed if it has been informed by the pre-sentencing report). At the sentencing hearing, this court heard from both sides before imposing sentence. *See* N.T. 01/08/16, pp. 6-18. In fashioning defendant's sentence, this court considered the manner in which the crime was committed, its impact on the victim, society's need for protection, the sentencing guidelines, as well as defendant's age, mental aptitude, educational attainment, employment history, prior criminal record, and rehabilitative needs. *See*

8

N.T. 01/08/16, pp. 19-20. Finally, there were no impermissible factors entertained by this court. *See* Commonwealth v. Miller, 835 A.2d at 380 (2003) (informing that "a claim that a sentence is excessive because the trial court relied on an impermissible factor also raises a substantial question"). Thus, this court clearly provided the reasons for the sentence before it was imposed. N.T. 01/08/16, pp. 18-19.

Because due consideration was given to the sentencing guidelines,[2] the statutory maximum for the robbery conviction, the facts of this case, defendant's individual circumstances, and background, there is no support for defendant's contention that this court failed to consider all legally permissible factors. *See* Commonwealth v. Eicher, 605 A.2d 337 (1992) (quoting Commonwealth v. Clever, 576 A.2d 1108 (1990), which held that the appellate court "must accord the sentencing court great weight as it is in the best position to view the defendant's character, displays of remorse, defiance or indifference, and the overall effect and nature of the crime"). In light of the foregoing, it follows that defendant's contention that the sentence imposed was manifestly excessive is wholly unfounded.

Finally, defendant avers that this court's sentence rose to the level of cruel and unusual punishment because his conviction in this case triggered imposition of an additional period of

---

[2] The following exchange occurred between the court and counsel:

THE COURT: Before we proceed further, counsel, can the two of you agree on the guideline computations?

[District Attorney]: Yes.

THE COURT: State them, for the record.

[District Attorney]: We agreed that the offense gravity score is a ten, defendant's prior record score is a five, his guideline range is 60 to 72, plus or minus 12. (Emphasis added.)

[Defense Counsel]: Agreed.

N.T. 01/08/16, pp. 06-07.

9

incarceration for parole violation. In <u>Commonwealth v. Knox</u>, 50 A.3d 732 (2012), our Superior

Court stated, "A punishment is cruel and unusual only if it is so greatly disproportionate to an

offense as to offend evolving standards of decency or a balanced sense of justice." <u>Commonwealth</u>

<u>v. Ehrsam</u>, 512 A.2d 1199 (1986) Pa. Super., appeal denied. Such is not the case here. As stated in

<u>Commonwealth v. Swope</u>, 123 A.3d 333 (2015) Pa. Super., defendant is not entitled to a volume discount for

his crimes.

Accordingly, in light of the foregoing, the judgment of sentence should be AFFIRMED.

BY THE COURT,

Sandy L.V. Byrd, J.